UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE ROSALEE SMITH,<br>　　　　Plaintiff,<br>　　v.<br>ALLISON HALEY, et al.,<br>　　　　Defendants. | Case No. 23-cv-02043-HSG<br><br>**ORDER OF DISMISSAL** |

Plaintiff has filed a *pro se* action. Her amended complaint (Dkt. No. 6) is now before the Court for review under 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."' *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.* To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  Procedural History**

Plaintiff commenced this action on or about April 28, 2023, when she filed a complaint with this Court on a civil rights complaint form, naming as defendants Napa District Attorney Allison Haley, Napa County Superior Court Judge Mark Boessenecker, United States District Court for the Northern District Judge James Donato, the State of California, and Does Nos. 1-100. In this complaint, she alleged that defendant Haley "acted in concert and engaged in court processes that were illegal and unconstitutional" to deprive Plaintiff of her rights, resulting in Plaintiff's property being seized, Plaintiff suffering numerous assaults on her body, and Plaintiff being subjected to false imprisonment and kidnapping. She further alleged that defendant Boessenecker acted in concert with defendant Haley and practiced law from the bench; that defendant Donato has a conflict of interest and violated Plaintiff's rights by not being impartial and not allowing her due process claims to be heard; and that California and the Doe defendants fund defendants Haley, Boessenecker, and Donato, thereby facilitating their wrongful actions. *See generally* Dkt. No. 1.

Before the Court could screen the complaint as required by 28 U.S.C. § 1915A, Plaintiff filed an amended complaint. Dkt. No. 6. Because an amended complaint completely replaces any prior complaints, Dkt. No. 6 is now the operative complaint. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012) (amended complaint completely replaces previous complaints).

**C.  Operative Complaint (Dkt. No. 6)**

Plaintiff appears to be a pre-trial detainee in the custody of the Napa Valley Department of

Corrections pursuant to a 2020 criminal case, C No. 20-CR-002208, charging her with one count of felony stalking, four misdemeanor counts of violating a court order after a harassment hearing, and one misdemeanor count of vandalism. The criminal case appears to be still pending, with a Cal. Penal Code § 1368 competency hearing recently held on May 15, 2023. Dkt. No. 6 at 8-18.

The complaint names the following as defendants: Napa District Attorney Michelle Roberts, Napa District Attorney Allison Haley, United States District Court for the Northern District Judge James Donato, Napa County Superior Court Judge Mark Boessenecker, Joseph Solga, Napa County Superior Court Judge Elia Ortiz, Napa County Superior Court Judge Diane Price, Napa District Attorney Katy Yount, Napa County Deputy District Attorney Allyson Taguchi, Napa County public defender Alex Zocchi, the Napa County Department of Corrections, and the State of California.

The complaint requests that the Court immediately order that all federal funding to the State of California be ended so that Defendants will cease violating people's rights; that the Court immediately order the release of the following persons who are being held hostage by the Napa County Department of Corrections; Plaintiff, Anna Servin, Tammy J. Jones, Agnes Castillo, Elena L. Leon, and Nicol Turner; and that the Court issue a warrant or indictment for Defendants.

The complaint makes the following allegations.

Defendant Zocchi is practicing law without a license; is in a legal racketeering business and committing legal malpractice; colludes with the prosecution and uses coercion and misrepresentation to defraud people out of their rights and due process; and if he cannot get his client to bend on his rights, he challenges his client's competency to stand trial. Defendant Haley has failed to prove jurisdiction and do a pre-filing investigation on her cases; and she uses illegal practices and court procedures to destroy lives and cause injury and damage to "so many people." Because defendants Zocchi and Haley are paid by Napa County, which is funded by the State of California and the federal government, defendants Zocchi and Haley are "in violation of the people's rights and due process for a fair hearing / standing in court."

Defendant Solga, Boessenecker, Ortiz, and all the judicial officers of Napa County Superior Court are practicing law from the bench; acting in concert with the District Attorney's

3

1    Office and the Public Defender's Office to violate the people's rights under color of state law; and
2    have conflicts of interests in all cases that they preside over.
3          Plaintiff requests that her case, the cases of the other named inmates, and every case
4    brought by defendant Haley be reviewed by a federal or Supreme Court judge or by an attorney
5    for the people.  She also requests that she and each named inmate be compensated $1 million per
6    day in custody due to defendant Zocchi's negligence; be compensated $100 million for each case
7    brought by defendant Haley "against us the people;" and be compensated $200 million for each
8    case that the judicial officers "has ordered on us the people."  She also requests expungement of
9    all their convictions.  She also requests that the bar cards of defendants Zocchi and Haley, and of
10   all the Napa Superior Court judicial officers, be revoked and that they all be put in prison for life.
11         Plaintiff alleges that Defendants are public actors and that that the Tuckers Act and the
12   Administrative Act of 1946 strips public actors of immunity.

### D.   Dismissal with Prejudice

The Court DISMISSES the complaint for the reasons set forth below.  The dismissal is with prejudice because amendment would be futile.  *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (futility of amendment is basis for denial of leave to amend).

First, this action may not proceed with co-plaintiffs, i.e. Plaintiff along with inmates Anna Servin, Tammy J. Jones, Agnes Castillo, Elena L. Leon, and Nicol Turner, or with Plaintiff proceeding on behalf of a class of prisoners.  Generally, a *pro se* plaintiff is prohibited from pursuing claims on behalf of others in a representative capacity.  *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008); *see also Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing in propria persona has no authority to represent anyone other than himself"); *see also Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam) ("Ability to protect the interests of the class depends in part on the quality of counsel, and we consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others.") (citation omitted).  The use of co-plaintiffs presents a procedural problem unique to prisoner litigation.  The main problem with having unrepresented inmates proceeding as co-plaintiffs is that inmates lack control over their ability to access each other to

1    prepare documents and prosecute a case. Inmates are frequently moved. The plaintiffs may not
2    have access to each other in the future to prepare documents and to discuss the case. Even inmates
3    who initially are physically close to each other often do not remain so for the months or years that
4    it takes for a case to work its way through to judgment. Perhaps one plaintiff will be moved to a
5    different facility or be released from custody all of which will make their joint prosecution of this
6    case inordinately more difficult. The slow pace of plaintiffs' communications with each other will
7    result in extensive delays at each point in the litigation where they are required to file anything
8    with the court. Thus, this case will be delayed as any potential filing from the plaintiffs is shuttled
9    back and forth between the plaintiffs until both are comfortable signing it. One alternative is to
10   permit the plaintiffs to file separate documents, but this essentially results in multiple cases within
11   a case, which has few benefits to match the substantial confusion caused. Delay caused by
12   proceeding with co-plaintiffs is especially likely here where the inmates may be pre-trial detainees
13   and may be moved to a different facility should they be convicted. In addition, Plaintiff lacks
14   standing to bring suit or seek relief on behalf of other inmates. Under the prudential limitations of
15   standing, "'a litigant must normally assert his own legal interests rather than those of third
16   parties.'" *Fleck & Assocs., Inc. v. Phoenix*, 471 F.3d 1100, 1104 (9th Cir. 2006) (citing *Phillips
17   Petroleum Co. v. Shutts*, 472 U.S. 797, 804 (1985)).

18         Second, Plaintiff's claims are barred by the *Heck* doctrine. Pursuant to *Heck v. Humphrey*,
19   512 U.S. 477 (1994), a court must dismiss a Section 1983 action where the plaintiff's success in
20   the action would necessarily imply the invalidity of the plaintiff's conviction or sentence, and the
21   conviction or sentence has not yet been invalidated. *Id*. at 486–87. Where the conviction or
22   sentence has not yet been invalidated, the Section 1983 suit is barred no matter the relief sought
23   (damages or equitable relief) and no matter the target of the suit (conduct leading to conviction or
24   internal prison proceedings), *see Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005), and the suit
25   should be dismissed, *see Edwards v. Balisok*, 520 U.S. 641, 649 (1997). Plaintiff is challenging
26   the Napa County District Attorney's decision to bring a criminal complaint against her in *People
27   v. Smith*, C No. 20-cr-002208; defendant Zocchi's representation of her in that case; and the
28   decisions made by the Napa County Superior Court judges that have considered her case. Success

1  on Plaintiff's claims would necessarily invalidate any conviction or sentence resulting from
2  *People v. Smith*, C No. 20-cr-002208.

3        Third, the Court must abstain from considering the claims in this case pursuant to the
4  *Younger* abstention doctrine because this action would interfere with Plaintiff's ongoing state
5  court proceedings, *People v. Smith*, C No. 20-cv-002208.  The *Younger* abstention doctrine
6  provides that, under principles of comity and federalism, a federal court should not interfere with
7  ongoing state criminal proceedings by granting injunctive or declaratory relief absent
8  extraordinary circumstances.  *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971).  *Younger*
9  abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state
10 proceedings involve important state interests; and (3) the state proceedings afford adequate
11 opportunity to raise the constitutional issue.  *See Middlesex County Ethics Comm. v. Garden State*
12 *Bar Ass'n*, 457 U.S. 423, 432 (1982).  A fourth requirement has also been articulated by the Ninth
13 Circuit:  that "the federal court action would enjoin the state proceeding or have the practical
14 effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger*
15 disapproves."  *SJSVCCPAC v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) (citing
16 cases).  Here, state proceedings are ongoing.  *People v. Smith*, C No. 20-cr-002208 is currently
17 pending in Napa County Superior Court.  Second, state criminal proceedings implicate important
18 state interests.  *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("states' interest in administering
19 their criminal justice systems free from federal interference is one of the most powerful of the
20 considerations that should influence a court considering equitable types of relief") (holding that
21 federal bankruptcy court should not invalidate results of state criminal proceedings).  Third, the
22 state proceedings afford Plaintiff adequate opportunity to raise this issue, through direct appeal or
23 state collateral proceedings.  Finally, the practical effect of granting relief in this action would
24 require this Court to actively monitor and interfere with an ongoing state court proceeding.  The
25 *Younger* abstention principle compels the Court to abstain from considering any issues arising out
26 of, or related to, *People v. Smith*, C No. 20-cr-002208.

27       Fourth, the claims against the judicial officer defendants and the district attorney
28 defendants are barred by immunity.  With respect to the state court judicial officer defendants,

Plaintiff is challenging the actions these defendants took in their judicial capacity. A state judge is absolutely immune from civil liability for damages for acts performed in his judicial capacity. *See Pierson v. Ray*, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983). Judicial immunity is an immunity from suit for damages, not just from an ultimate assessment of damages. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)); *see also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.") (internal quotation marks and citation omitted). With respect to the district attorney defendants, Plaintiff has challenged their actions in their prosecution of her. A state prosecuting attorney enjoys absolute immunity from liability under 42 U.S.C. § 1983 for his or her conduct in "pursuing a criminal prosecution" insofar as he acts within his role as an "advocate for the State" and his actions are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).

Fifth, to the extent that Plaintiff seeks to challenge the validity of her custody by the Napa County Department of Corrections, she must seek relief via a petition for a writ of habeas corpus, not via a civil rights action. Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)); *see also Hill v. McDonough*, 547 U.S. 573, 579 (2006) ("'Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'") (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). If Plaintiff is seeking either early or immediate release, she must seek such relief in a petition for a writ of habeas corpus.

Finally, neither the Tucker Act nor the Administrative Act of 1946 are applicable here. The Tucker Act, 28 U.S.C. § 1491, applies to claims against the United States arising out of express or implied contract to which the government was a party, or for liquidated or unliquidated damages in cases not sounding in tort. The Administrative Act of 1946, 5 U.S.C. §§ 551-559, establishes how federal administrative agencies make and issue rules.

**CONCLUSION**

For the reasons set forth above, the Court DISMISSES this action with prejudice. The Clerk shall enter judgment in favor of Defendants and against Plaintiff, and close the case.

**IT IS SO ORDERED.**

Dated: 7/10/2023

_Haywood S. Gilliam, Jr._
HAYWOOD S. GILLIAM, JR.
United States District Judge